OFFICE OF THE CITY ATTORNEY
GARY VERBURG, City Attorney
State Bar No. 005515
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Christina E. Koehn Bar No. 013037
Assistant City Attorney
Attorney for Defendant City of Phoenix

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DIANNE BARKER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PHOENIX, MUNICIPAL CORPORATION; MAYOR PHILIP GORDON; 21ST CENTURY INS. OF S WEST; JOSE MESA RAMIREZ; AND JIMMY MESA MUNETON, et al.,<br><br>    Defendants. | No. CV-11-01543-PHX-NVW<br><br>(Superior Court Case No. CV2011-011978)<br><br>**DEFENDANT CITY OF PHOENIX'S MOTION TO DISMISS** |

Defendant City of Phoenix ("Phoenix"), through undersigned counsel moves this Court for dismissal of Plaintiff Dianne Barker's ("Plaintiff") complaint against Phoenix and Mayor Philip Gordon[1] ("Gordon") for failing to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's complaint alleges U.S. Constitutional violations of "unequal protection" and

---

[1] Although Mayor Philip Gordon has been named in the caption of Plaintiff's complaint, he has never been served with Plaintiff's complaint.

"free speech" and cited "42 U.S.C. 1983" but failed to allege how Phoenix or Gordon violated Plaintiff's rights. Plaintiff's complaint stems from an incident in which Plaintiff was struck by a vehicle ("SUV") and allegedly sustained injuries. Phoenix's only involvement with the incident was that a Phoenix police officer investigated the accident and wrote an accident report. Even assuming the allegations in Plaintiff's complaint to be true, the allegations do not render Phoenix liable for Plaintiff's alleged injuries. This Motion is supported by the following Memorandum and Points of Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background

Plaintiff filed her complaint in Maricopa County Superior Court on July 20, 2011 and named as defendants the City of Phoenix, Mayor Philip Gordon, 21st Century Ins of S West, Jose Mesa Ramirez, and Jimmy Mesa Muneton. In her complaint, Plaintiff alleged she was struck by a SUV that was insured by Defendant 21st Century Ins of S West. She further alleged that she was injured and was not at fault in the accident. Plaintiff alleged that the officer who wrote the accident report "false[ly] report[ed]" which she claimed was an intentional tort that violated "unequal protection" of the U.S. and Arizona Constitutions. Plaintiff attached a copy of the accident report and a typewritten witness statement that she apparently claimed were contradictory. She alleged that she was never interviewed for "her side" which she claimed violated her First Amendment Free Speech rights. She alleged that she is "a SSDI (Disabled), female senior protected under ADA 1990, Rehab Act 1973 Civil Rights laws and Title ARS 28 Traffic and case law 'Maxwell v. Gossett.'" Plaintiff's demand for relief included monetary relief for personal injuries and property damages of $73,000 and

1  punitive damages for a total of $244,900 and cited "42 USC 1983." She further
2  demanded injunctive relief for police training.
3  **II. Law & Argument**
4      **A. Failure To State A Claim Upon Which Relief May Be Granted**
5      A complaint must contain sufficient factual allegations, which if accepted as true,
6  state a facially plausible claim for relief "that allows the court to draw the reasonable
7  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___
8  U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed2d 868, (2009). Furthermore, a complaint
9  must "provide defendants notice of what legal claims are asserted against which
10 defendants." *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir.1996).
11     In this case, Plaintiff named Phoenix and Gordon yet she failed to state in her
12 complaint what wrongs Phoenix and Gordon allegedly committed. Plaintiff alleged an
13 officer falsely reported in an accident report, but failed to state, if assumed true, how
14 such false reporting harmed her. The injuries for which Plaintiff complained allegedly
15 occurred when she was struck by a SUV, but Plaintiff failed to connect Phoenix and
16 Gordon to the owner or operator of the SUV. The writing of the accident report did not
17 cause Plaintiff's injuries. Furthermore, Plaintiff failed to allege a sufficient factual
18 basis to explain how Phoenix and Gordon allegedly violated her U.S. Constitutional
19 rights.
20     **B. No Municipal Liability Based On *Respondeat Superior***
21     Even if Plaintiff had sufficiently pled a claim with respect to an employee of
22 Phoenix, Phoenix cannot be held liable for a Section 1983 claim under the doctrine of
23 *respondeat superior* for acts of its employees. *Monell v. Department of Social Services*,
24 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). In order to maintain

1 an action against a municipality under Section 1983, a plaintiff must allege that his
2 constitutional rights were violated by a policy, practice, or custom of the municipality.
3 *Id.* To state a Section 1983 claim, the plaintiff must allege that there is a direct causal
4 link between the municipal policy, practice, or custom and the alleged constitutional
5 violation or allege that, through its deliberate conduct, the municipality was the
6 "moving force" behind the injury alleged. *Board of County Com'rs of Bryan County,*
7 *Okl. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997); *City*
8 *of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). "That is, a plaintiff must show
9 that the municipal action was taken with the requisite degree of culpability and must
10 demonstrate a direct causal link between the municipal action and the deprivation of
11 federal rights." *Bryan County*, 520 U.S. at 404, 117 S.Ct. at 1388, 137 L.Ed.2d 626. In
12 this case, Plaintiff has not alleged a policy, practice, or custom by Phoenix, has not
13 alleged that Phoenix has done anything wrong, and cannot connect Phoenix to her
14 injuries. Phoenix's only involvement in Plaintiff's accident came after the fact, when
15 the officer wrote an accident report. Plaintiff's alleged injuries occurred before Phoenix
16 was involved.

17     **C.**    **Dismissal With Prejudice Is Warranted**

18 As previously discussed above, Plaintiff's complaint as to Phoenix and Gordon
19 should be dismissed. The question becomes whether the dismissal should be with or
20 without prejudice with leave to amend her complaint. Plaintiff, as a pro se litigant, is
21 entitled to liberal treatment of her pleadings. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th
22 Cir.2010). Leave to amend a complaint should be granted "unless the pleading could
23 not possibly be cured by the allegation of other facts." *Johnson v. Lucent Technologies*
24 *Inc.*, No. 09-55203, 2011 WL 3332368 at *10 (9th Cir. August 4, 2011) (quoting

4

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

1  *McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1099 (9th Cir.2004)).  In this case,
2  Plaintiff's facts simply do not lead to any liability by Phoenix or Gordon.  Plaintiff's
3  injuries were sustained in the accident, not at the time the police completed an accident
4  report.  Therefore, an amendment would be futile and dismissal with prejudice is
5  justified.

6  **D.     Plaintiff Cannot Seek Punitive Damages Against Phoenix.**

7  Plaintiff's demand for relief includes a request for punitive damages.  Under A.R.S.
8  § 12-820.04, "Neither a public entity nor a public employee acting within the scope of his
9  employment is liable for punitive or exemplary damages."  Likewise, punitive damages
10 are not recoverable against a municipality under 42 U.S.C. § 1983.  *City of Newport v.*
11 *Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981).  As
12 such, in the event Plaintiff's Complaint is not dismissed as to Phoenix, Plaintiff's claim for
13 punitive damages against Phoenix should be dismissed.

14 **III.  Conclusion**

15 Plaintiff's complaint cited the U.S. Constitution, "unequal protection," First
16 Amendment Free Speech, and 42 USC 1983.  Plaintiff named Phoenix and Gordon in
17 the caption of the complaint but failed to allege any wrong doing by Phoenix or
18 Gordon.  Plaintiff alleged that she received injuries in a motor vehicle accident and that
19 a police officer falsely reported in an accident report.  Plaintiff failed to allege how the
20 alleged false reporting caused the injuries she sustained in the accident.  For these
21 deficiencies, Plaintiff's complaint should be dismissed as to Phoenix and Gordon.  Even
22 if Plaintiff had properly alleged wrongdoing by a Phoenix employee, Phoenix cannot be
23 held vicariously liable for under Section 1983 and cannot be liable for punitive
24 damages.  Furthermore, dismissal should be with prejudice since granting leave to

amend the complaint would be futile.  The facts do not support any theory of liability against Phoenix and Gordon.  For these reasons, Phoenix urges this Court to dismiss Plaintiff's complaint against Phoenix and Gordon with prejudice.

RESPECTFULLY SUBMITTED this 11th day of August 2011.

GARY VERBURG, City Attorney


By      /S/Christina E. Koehn
    Christina E. Koehn
    Assistant City Attorney
    200 West Washington, Suite 1300
    Phoenix, Arizona  85003-1611
    Attorneys for Defendants City of Phoenix

A COPY of the foregoing Electronically
filed with the court this 11th day of August 2011, to:

The Honorable Neil V. Wake
Judge of the U.S. District Court

and COPY of the foregoing mailed to:

Dianne Barker
3219 East Camelback Road, #393
Phoenix, AZ 85018
Plaintiff Pro Per


By  /s/A. Valenzuela
CEK:av #925945_1.DOC