OFFICE OF THE CITY ATTORNEY
GARY VERBURG, City Attorney
State Bar No. 005515
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Christina E. Koehn Bar No. 013037
Assistant City Attorney
Attorneys for Defendant City of Phoenix

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DIANNE BARKER, | No. CV-11-01543-PHX-NVW |
| Plaintiff, | (Superior Court Case No. CV2011-011978) |
| vs. | |
| CITY OF PHOENIX, MUNICIPAL CORPORATION; MAYOR PHILIP GORDON; 21ST CENTURY INS. OF S WEST; JOSE MESA RAMIREZ; AND JIMMY MESA MUNETON, et al., | **DEFENDANT CITY OF PHOENIX'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND AND REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | |

Defendant City of Phoenix ("Phoenix"), through undersigned counsel responds to Plaintiff Dianne Barker's ("Plaintiff") Motion for Remand and replies to Plaintiff's response to Motion to Dismiss. Plaintiff failed to provide a legitimate reason to remand the case and therefore Plaintiff's Motion for Remand should be denied. Furthermore, Plaintiff's "Legal Argument" failed to explain how her complaint set forth sufficient factual allegations to support her claims for relief and therefore Plaintiff's complaint should be dismissed.

**Remand Should be Denied**

Plaintiff cited 28 U.S.C. §1447(e)(2) to support her motion to remand. However, §1447(e) does not have any subparts and states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Plaintiff failed to explain how the above-cited section applies to this case. Plaintiff claimed in her complaint that Phoenix and Defendant Mayor Philip Gordon ("Gordon") violated her U.S. Constitutional rights including Equal Protection and Free Speech. Plaintiff also cited 42 U.S.C. §1983. The federal district court has original jurisdiction based upon the fact that Plaintiff's claims involved a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Any civil action in which the federal district court has original jurisdiction may be removed by the defendant to the federal district court. See 28 U.S.C. §1441. To date, Plaintiff has not moved to amend her complaint to eliminate her federal civil rights claims, therefore, there is no basis for remand and Plaintiff's Motion for Remand should be denied.

**Dismissal of Plaintiff's Complaint Against Phoenix and Gordon is Appropriate**

Plaintiff cited *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) to support her contention that her complaint was sufficient and complied with Rule 8. However, the *Conley* case was abrogated by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In the *Twombly* case, the court held that a complaint cannot be based solely on legal conclusions or speculation, but must be supported by plausible facts. *Id.* at 555, 127 S.Ct. at 1964-5, 167 L.Ed.2d. at ___.

1   As stated in Defendant's Motion to Dismiss, Plaintiff named Phoenix and Gordon
2  yet she failed to state in her complaint what wrongs Phoenix and Gordon allegedly
3  committed.  Plaintiff alleged an officer falsely reported in an accident report, but failed
4  to state, if assumed true, how such false reporting harmed her.  The injuries for which
5  Plaintiff complained allegedly occurred when she was struck by another vehicle, but
6  Plaintiff failed to connect Phoenix and Gordon to the owner or operator of the other
7  vehicle.  The writing of the accident report by an officer did not cause Plaintiff's
8  injuries.  Furthermore, Plaintiff failed to allege a sufficient factual basis to explain how
9  Phoenix and Gordon allegedly violated her U.S. Constitutional rights.

10   Furthermore, Plaintiff seems to allege that her Notice of Claim provided the
11  necessary notice of her claims to Phoenix and Gordon, however, Plaintiff's complaint
12  made no reference to see the Notice of Claim for a factual basis.  Rule 8 of the Federal
13  Rules of Civil Procedure[1] requires that the pleading which sets forth the claim for relief
14  must contain "a short plain statement of the claim showing that the pleader is entitled to
15  relief." FED. R. CIV. P. 8(a)(2).  Plaintiff cannot rely on some other document to
16  provide a factual basis.

17   Moreover, to allow Plaintiff to amend her complaint would be futile.  In this case,
18  Plaintiff's facts simply do not lead to any liability by Phoenix or Gordon.  Plaintiff's
19  injuries were sustained in the accident, not at the time an officer completed an accident
20  report.  Phoenix and Gordon had no involvement in the accident.  Therefore, an
21  amendment would be futile and dismissal with prejudice is justified.  For the above
22  stated reasons, Defendant urges this Court to dismiss Plaintiff's complaint against
23  Phoenix and Gordon with prejudice.

---

[1] Rule 8 of the Arizona Rules of Civil Procedure is similarly worded.

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

1  RESPECTFULLY SUBMITTED this 2nd day of September 2011.

GARY VERBURG, City Attorney

By      /S/Christina E. Koehn
Christina E. Koehn
Assistant City Attorney
200 West Washington, Suite 1300
Phoenix, Arizona  85003-1611
Attorneys for Defendants City of Phoenix

A COPY of the foregoing Electronically
filed with the court this 2nd day of September 2011, to:

The Honorable Neil V. Wake
Judge of the U.S. District Court

and COPY of the foregoing mailed to:

Dianne Barker
3219 East Camelback Road, #393
Phoenix, AZ 85018
Plaintiff Pro Per


By  /s/A. Valenzuela
CEK:av #929712_1.DOC

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

4