OFFICE OF THE CITY ATTORNEY
GARY VERBURG, City Attorney
State Bar No. 005515
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Christina E. Koehn Bar No. 013037
Assistant City Attorney
Attorney for Defendant City of Phoenix

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DIANNE BARKER,<br><br>    Plaintiff,<br><br>vs.<br><br>MAYOR PHILIP GORDON, CITY OF PHOENIX, et al JOSE MESA RAMIREZ, 21ST CENTURY INSURANCE OF SO WEST; JIMMY MEZA MUNETON/ JOSE MESA RAMIREZ MAYOR JIM LANE, CITY OF SCOTTSDALE, et al- (Enjoiner: 28 USC 1447, 42 USC 1983, 18 USCA 1962).<br><br>    Defendants. | No. 2:11-cv-01543-NVW<br><br>(Superior Court Case No. CV2011-011978)<br><br>**DEFENDANT CITY OF PHOENIX'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Neil V. Wake) |

Defendant City of Phoenix ("Phoenix"), through undersigned counsel, moves this Court for dismissal of Plaintiff Dianne Barker's ("Plaintiff") Amended Complaint against Phoenix and Mayor Philip Gordon[1] ("Gordon") for failing to state a claim upon

---

[1] Although Mayor Philip Gordon has been named in the caption of Plaintiff's complaint, he has never been served with Plaintiff's complaint or amended complaint.

which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failing to contain a short and plain statement of her claim showing that she is entitled to relief pursuant to Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's previous complaint was dismissed by this Court on September 7, 2011 due to Plaintiff's failure to state a claim against Phoenix or Gordon.  Plaintiff's Amended Complaint is confusing, cites unrelated cases and/or matters, and appears to claim an unsafe intersection, RICO conspiracy, and a false police report among other claims. Plaintiff's Amended Complaint is similar to her original complaint (variations on the same theme), and like her original complaint, the amended complaint fails to describe any constitutional violation by Phoenix or Gordon that caused injury to Plaintiff.  This Motion is supported by the following Memorandum and Points of Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Background

Plaintiff filed her original complaint in Maricopa County Superior Court on July 20, 2011 and named as defendants the City of Phoenix, Mayor Philip Gordon, 21st Century Ins of S West, Jose Mesa Ramirez, and Jimmy Mesa Muneton.  Phoenix removed the case to federal district court since Plaintiff alleged U.S. Constitutional violations.  Phoenix filed a motion to dismiss Plaintiff's complaint on August 11, 2011, in which Phoenix alleged Plaintiff failed to state a claim against Phoenix and Gordon for which relief could be granted.  Phoenix also alleged in its motion to dismiss that any amendment of Plaintiff's complaint would be futile and therefore dismissal with prejudice would be warranted.  The court granted Phoenix's Motion to Dismiss, but dismissed without prejudice and gave Plaintiff the opportunity to amend her complaint.

Plaintiff filed an amended complaint on November 22, 2011, but failed to correct

the deficiencies of the original complaint. Plaintiff's Amended Complaint is confusing since she inserted other cases and matters that she failed to relate to her claim in this case. Presumably, Plaintiff's claim stems from the same incident alleged in her original complaint, i.e. the collision between Plaintiff and a SUV insured by Defendant 21st Century Ins of S West. In her amended complaint, Plaintiff's allegations included unsafe intersection due to the traffic signalization that allegedly lead to SUV hitting Plaintiff while she was on a bicycle; RICO conspiracy; ADA 1990, Rehab Act 1973, "unequal protection;" deprivation of constitutional rights (possibly her alleged "right" to drive); "free speech" violation for "false" police report; "gross negligence" by Gordon for "INTENTIONALLY promoting foul practice and policy, and pattern ** to 'but out' this victim citizen from testimony on collision report;" and OSHA violation for "retaliation."

Plaintiff's demand for relief in her amended complaint included monetary relief for "compensatory damages – general, special/punitive damages" – in the amount of $244,900. She further demanded injunctive relief to make a pedestrian-only segment in the traffic light cycle, and police training for the Cities of Phoenix and Scottsdale.

**II.  Law & Argument**

    **A.  Failure To State A Claim Upon Which Relief May Be Granted**

A complaint must contain sufficient factual allegations, which if accepted as true, state a facially plausible claim for relief "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed2d 868 (2009). Furthermore, a complaint must "provide defendants notice of what legal claims are asserted against which defendants." *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir.1996). Rule 8 of the

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

*Federal Rules of Civil Procedure* requires that a complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

To state a Section 1983 claim, the plaintiff must allege that there is a direct causal link between the municipal policy, practice, or custom and the alleged constitutional violation or allege that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Municipalities cannot be held liable for RICO claims. *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir.1996). As to persons, to state a RICO claim pursuant to 18 U.S.C. §1962, a plaintiff must allege that the defendant "use[d] money derived from a pattern of racketeering activity to invest in an enterprise, . . . acquir[ed] control of an enterprise through a pattern of racketeering activity, or . . . conduct[ed] an enterprise through a pattern of racketeering activity." *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 495, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985). Furthermore, in RICO cases "plaintiff only has standing if, and can only recover to the extent that, [s]he has been injured in h[er] business or property by the conduct constituting the violation." *Id.* at 496, 105 S.Ct. at 3285, 87 L.Ed.2d 346. Personal injury is not compensable under the RICO statutes. *Berg v. First State Insurance Company*, 915 F.2d 460, 464 (9th Cir.1990).

Plaintiff alleged that Gordon created an unsafe intersection including too short

4

traffic signalization, but failed to allege which federal or constitutional right was violated by such alleged action. Plaintiff further alleged that her First Amendment rights were violated because the City of Phoenix police report was false, but never alleged how an allegedly false police report deprives her of her First Amendment rights. Plaintiff alleged a "RICO styled 28 USCA 1962 conspiracy" but failed to allege the specifics of such RICO violation and lacks standing because Plaintiff has not alleged damage to her business or property. Plaintiff alleged unsafe practices, policies, persons and premises, but failed to specify which federal constitutional right or rights were violated. Finally, Plaintiff alleged an OSHA violation for retaliation, however, OSHA does not apply since Plaintiff is not an employee of Phoenix. Plaintiff's Amended Complaint is a jumble of confusing sentences that fail to allege what constitutional rights have been violated by which defendant and how such violation related to Plaintiff's alleged injuries.

### B. Dismissal With Prejudice Is Warranted

Dismissal with prejudice is appropriate where, despite given the chance to amend, plaintiff failed to comply with Rule 8 in submitting a complaint that sets forth short, plain averments. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996). Factors to consider in deciding whether leave to amend should be granted "include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir.1989).

Despite given the opportunity to amend her complaint, Plaintiff's amended complaint failed to specify which defendants committed which constitutional or federal

5

violations with appropriate specificity.  Plaintiff's jumbled facts simply do not lead to any Section 1983 liability by Phoenix or Gordon.  Therefore, an amendment would be futile and dismissal with prejudice is justified.

### C. **Plaintiff Cannot Seek Punitive Damages Against Phoenix.**

As with Plaintiff's original complaint, her amended complaint's demand for relief included a request for punitive damages.  Under A.R.S. § 12-820.04, "Neither a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages."  Likewise, punitive damages are not recoverable against a municipality under 42 U.S.C. § 1983.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981).  As such, in the event Plaintiff's Complaint is not dismissed as to Phoenix, Plaintiff's claim for punitive damages against Phoenix should be dismissed.

### III. **Conclusion**

Plaintiff's Amended Complaint again failed to state with appropriate specificity which defendant committed which federal or constitutional violation, and how such violation related to Plaintiff's alleged injuries.  For these deficiencies, Plaintiff's complaint should be dismissed as to Phoenix and Gordon.  Even if Plaintiff had properly alleged wrongdoing by Phoenix, Phoenix cannot be liable for punitive damages.  Furthermore, dismissal should be with prejudice since Plaintiff failed to cure the deficiencies of her original complaint and granting additional leave to amend the complaint would be futile.  The facts do not support any theory of liability against

…

…

…

6

Phoenix and Gordon. For these reasons, Phoenix urges this Court to dismiss Plaintiff's complaint against Phoenix and Gordon with prejudice.

RESPECTFULLY SUBMITTED this 7th day of December 2011.

GARY VERBURG, City Attorney

By /S/Christina E. Koehn
Christina E. Koehn
Assistant City Attorney
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Attorneys for Defendants City of Phoenix

A COPY of the foregoing Electronically
filed with the court this 7th day of December 2011.

The Honorable Neil V. Wake
Judge of the U.S. District Court of Arizona

COPY of the foregoing mailed to:

Dianne Barker
5111 N. 40th Street, C114
Phoenix, AZ 85018
Plaintiff Pro Per

By /s/A. Valenzuela
CEK:av #943252_1.DOC